STATE of Wisconsin, Plaintiff-Respondent,

v.

James F. LALA, Defendant-Appellant.†

Court of Appeals

*No. 2008AP2893–CR. Submitted on briefs May 11, 2009.
—Decided August 5, 2009.*

2009 WI App 137

(Also reported in 773 N.W.2d 218.)

† Petition to Review denied 11/3/09.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Ellen Henak*, assistant state public defender of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Sally L. Wellman*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Neubauer, P.J., and Anderson, J.

¶ 1. NEUBAUER, P.J. James F. Lala appeals from a circuit court judgment convicting him of four counts of possession of child pornography, contrary to WIS. STAT. § 948.12(1m) (2003–04).[1] Lala contends that the trial court erred in finding that the child depicted in the photographs was engaged in sexually explicit conduct, and in finding that Lala knew the character and conduct to be sexually explicit. Because we conclude that there is sufficient evidence to find beyond a reasonable doubt (1) that the child was engaged in sexually explicit conduct within the meaning of § 948.12(1m), and (2) that Lala knew the character and content of this sexually explicit conduct, we affirm the judgment of conviction on four counts of possession of child pornography.

## FACTS

¶ 2. On December 28, 2004, Lala received an unscheduled home visit from his probation officer, Agent Patti Doerr. During the home visit, Doerr observed what appeared to be a picture of a child dressed

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted. We note that the current 2007–08 version of the statute provides for different penalties depending on the age of the offender, but is otherwise substantively unchanged. *See* WIS. STAT. § 948.12 (2007–08).

in red, wearing "an extremely short skirt, kind of a skort" and showing a bare midriff, on Lala's computer screen. Lala's computer was also connected to a phone line, which provided Internet access, and constituted a violation of his parole. Because Doerr believed Lala's computer may have contained other sexually explicit child images or child pornography, she seized the computer and ran a program that displayed its pictorial contents. In light of the pictures discovered on Lala's computer, Doerr turned the computer over to Officer Steven Footit of the Port Washington Police Department on January 12, 2005. The computer was then transferred to the Division of Criminal Investigation in Madison, and computer crimes analyst Chris Byars.

¶ 3. Footit visited Lala in the Ozaukee county jail on January 13, 2005, where he questioned Lala regarding the images recovered by Doerr from Lala's computer. After being informed of his *Miranda* rights,[2] Lala admitted to downloading images of underage girls between the ages of eleven and thirteen for sexual gratification and to having a preference for girls dressed in stockings and nylons. Lala further stated that the images he downloaded were never of naked girls. Footit again interviewed Lala after the Division of Criminal Investigation had processed his computer; however, this interview yielded little more information than the first.

¶ 4. On September 7, 2007, Lala was charged with four counts of possession of child pornography. These charges stem from two e-mails sent by Lala on December 13, 2004, and December 14, 2004, each with an attachment containing seven pictures of a prepubescent girl in various poses. The e-mails were sent to two different sites and contained inquiries as to whether

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

295

models would be available to pose like the girl in the pictures attached. The criminal complaint alleged that four of the photos contained in the attachment, "displayed the girl in a sexually suggestive manner with her pubic mound exposed."[3] After waiving his right to a preliminary hearing and jury trial, Lala was tried before the bench on April 1, 2008.

¶ 5. At trial, the court heard sworn testimony from Doerr, Footit and Byars. Byars testified in detail regarding the process used to obtain the e-mail report and images from Lala's computer, the type of information trail left on the computer by incoming and outgoing e-mails, and the process by which documents are attached to e-mails. The e-mail report, containing the four pictures in question, was then admitted into evidence and the court was given ample opportunity to examine both a printed and electronic version of these pictures.

¶ 6. At the close of trial, the court made the following findings beyond a reasonable doubt: (1) Lala was in possession of the four pictures in question; (2) the child depicted was engaged in lewd conduct; (3) the pictures depict a child that is nude, and do so in such a way as to constitute a lewd exhibition of the same; and finally, (4) Lala knew that the child shown engaging in sexually explicit conduct by way of lewd behavior was

---

[3] The child in the photos is clothed in a long-sleeved shirt and jean jumper. In three of the photos, the child is seated with her legs spread apart and skirt raised up to the top of her legs so that her pubic mound is exposed. In the remaining photo, the child is standing with one leg resting on the side of a hill with the result again being that her legs are spread and skirt is raised. In two of the photos, the child has either one or two hands placed at the back of her head under her hair resulting in a sort of modeling pose.

296

under the age of eighteen. The court noted that WIS. STAT. § 948.11(1)(d) defines nudity as "the showing of the ... pubic area ... with less than a full opaque covering"[4] and, without deciding whether an element of nudity was required, the court determined that the pictures failed to meet the requirement of a full opaque covering. The court found Lala guilty of all four counts of possession of child pornography. Lala appeals.

## DISCUSSION

¶ 7. On appeal, Lala challenges the trial court's determination that the child depicted in the pictures was engaged in sexually explicit conduct, and that he knew the conduct to be sexually explicit. Lala contends that (1) nudity is required to establish that the photographs of the child were sexually explicit, and (2) because the child had on nylons, she was not completely unclothed, or nude. Thus, Lala contends, even though her pubic mound was visibly displayed, the evidence was insufficient for the trial court to find beyond a reasonable doubt that the child was engaged in sexually explicit conduct. Lala seeks to vacate the judgment of conviction.

██

¶ 8. While the parties disagree as to what standard of review should be applied, we conclude that the determination of the sufficiency of the evidence involves a mixed question of law and fact. Under this standard we will not reverse the conviction unless the evidence, viewed most favorably to the state and the

---

[4] WISCONSIN STAT. § 948.11(1)(d), pertaining to exposing a child to harmful materials, reads in relevant part: "Nudity means the showing of the human male or female genitals, pubic area or buttocks with less than a full opaque covering."

conviction, is "so insufficient in probative value and force" that as a matter of law no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt. *State v. Poellinger*, 153 Wis. 2d 493, 501, 451 N.W.2d 752, 755 (1990). However, when reviewing the trial court's findings of historical fact, these findings will be upheld unless clearly erroneous or incredible as a matter of law. *See State v. Saunders*, 196 Wis. 2d 45, 54, 538 N.W.2d 546 (Ct. App. 1995). Whether these factual findings support Lala's conviction under the standard set forth in WIS. STAT. § 948.12(1m) is a question of law that this court will review de novo. *See State v. Wille*, 2007 WI App 27, ¶ 4, 299 Wis. 2d 531, 728 N.W.2d 343.

## Applicable Law

¶ 9. Lala was convicted of possession of child pornography under WIS. STAT. § 948.12(1m), which states:

> Whoever possesses any undeveloped film, photographic negative, photograph, motion picture, videotape, or other recording of a child engaged in *sexually explicit conduct* under all of the following circumstances is guilty of a Class I felony:
>
> (a) The person knows that he or she possesses the material.
>
> (b) The person knows the character and content of the sexually explicit conduct in the material.
>
> (c) The person knows or reasonably should know that the child engaged in sexually explicit conduct has not attained the age of 18 years. (Emphasis added.)

"Sexually explicit conduct" is defined by WIS. STAT. § 948.01(7)(e) to mean the actual or simulated "lewd

exhibition of intimate parts." Intimate parts are further defined by Wis. Stat. § 939.22(19) to mean, among other things, the "vagina or pubic mound of a human being." At issue in this appeal is what constitutes "lewd exhibition" and thus "sexually explicit conduct" within the meaning of § 948.12(1m).

*Sufficient Evidence Supports the Trial Court's Determination that Lala Possessed Photographs of a Child Engaged in Sexually Explicit Conduct under Wis. Stat. § 948.12(1m).*

■■

¶ 10. When interpreting Wis. Stat. § 948.12(1m), the goal is to give effect to the intent of the legislature, which we assume to be expressed in the statutory language. *See State ex rel. Kalal v. Circuit Court for Dane County,* 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110; *State v. Ebersold,* 2007 WI App 232, ¶ 5, 306 Wis. 2d 371, 742 N.W.2d 876. We are to give a statute its common sense meaning and avoid unreasonable results. *Ebersold,* 306 Wis. 2d 371, ¶ 5. Because context is important to ascertain meaning, "statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes." *Kalal,* 271 Wis. 2d 633, ¶ 46.

¶ 11. Sexually explicit conduct as defined in Wis. Stat. § 948.01(7)(e) includes actual or simulated "lewd exhibition of intimate parts." The term "lewd," however, is not statutorily defined, nor has a single definition been established by cases interpreting similar child pornography laws. *See State v. Petrone,* 161 Wis. 2d 530, 561, 468 N.W.2d 676 (1991). Nonetheless, the Wisconsin Supreme Court has noted that three concepts are generally included in defining "lewd" and sexually explicit:

First, the photograph must visibly display the child's genitals or pubic area. Mere nudity is not enough. Second, the child is posed as a sex object. The statute[5] defines the offense as one against the child because using the child in that way causes harm to the psychological, emotional, and mental health of the child. The photograph is lewd in its "unnatural" or "unusual" focus on the juvenile's genitalia . . . . Last, the court may remind the jurors that they should use these guidelines to determine the lewdness of a photograph but *they may use common sense* to distinguish between a pornographic and innocent photograph.

*Id.* (emphasis added) (footnote added).

¶ 12. Lala argues that the supreme court's statement "mere nudity is not enough" implies nudity of an intimate body part is *necessary* but not sufficient to establish lewdness. Further, Lala contends that because nudity is not defined in WIS. STAT. § 948.12 or in the general definitions statute of WIS. STAT. ch. 948, the definition of nudity should be construed according to its common and approved usage. The definitions that Lala urges the court to adopt are "completely unclothed or uncovered" or "without clothing." Lala admits that in each of the photos, the child is positioned so that her "crotch is visible," but maintains that because the child appears to be wearing nylons or "nylon underwear," as

---

[5] The statute at issue in *State v. Petrone,* 161 Wis..2d 530, 550, 468 N.W.2d 676 (1991), was WIS. STAT. § 940.203(2) (1987–88), governing sexual exploitation of children. That statute provided, "No person may photograph, film, videotape, record the sounds of or display in any way a child engaged in sexually explicit conduct." *See Petrone,* 161 Wis. 2d at 550. The statute defined "sexually explicit conduct" as "lewd exhibition of the genitals or pubic area of any person"; however, the term "lewd" was not defined. *Id.* at 558–59.

evidenced by a nylon seam, the intimate parts of the child are not unclothed and therefore the pictures are not lewd. Lala's arguments are not persuasive.

¶ 13. When the *Petrone* court established guidelines for defining "lewd" or "sexually explicit," it did not require that a child be "unclothed" in order for a picture to be lewd. Instead the supreme court stated that *visible display* of the child's pubic area and posing the child as a sex object with an unnatural or unusual focus on the child's genitalia should inform the common sense determination by the trier of fact regarding the pornographic nature of the image. *See Petrone*, 161 Wis. 2d at 561. It follows that where a child's pubic area is visibly displayed, as is it is here, the lack of a full opaque covering is a proper consideration that should inform the common sense determination by the trier of fact.

¶ 14. While the trial court stated that it "might be arguable" that there is in fact underwear, the court found that there is not a full opaque covering over the child's vagina and pubic mound. Thus, the trial court held that the pictures depict a child that is nude. While the four photographs in question depict a prepubescent girl clothed in a jean jumper and a long-sleeved shirt, in each photograph the child is positioned in a sexually suggestive manner with her pubic mound visibly displayed. In one photo there is arguably a nylon seam running along the natural line of the girl's genitalia. We agree with the trial court's factual finding that, if she is wearing nylons, they are see-through—her pubic mound is visibly displayed in each of the pictures.[6] This finding of fact is not clearly erroneous or incredible as a

---

[6] At trial, defense counsel argued that if you looked "extremely closely between the young lady's legs" a cross-hatched, or tattersall check could be seen, and that this appeared to be a pair of underwear. The trial court rejected defense counsel's

matter of law. *See Saunders*, 196 Wis. 2d at 54. While Lala would have us require the subject to be completely without clothing in order to prove guilt beyond a reasonable doubt, neither *Petrone* nor WIS. STAT. § 948.12(1m) require as much. Rather, the trial court's finding of nudity in this case clearly comports with the common sense approach endorsed by the supreme court in *Petrone*. *See Petrone*, 161 Wis. 2d at 561.

¶ 15. Here, the photographs in question depict a child whose pubic mound is effectively unclothed. Her skirt is riding up to the top of her legs. If she is wearing nylons at all, they certainly do not provide a full opaque covering and leave her intimate parts visible. The child's legs are positioned in such a sexually suggestive manner as to allow an unnatural and unusual emphasis on the child's genitalia, rendering the photographs both lewd and sexually explicit. *See id.* The statute defines possession of child pornography as an offense against children. The harm caused to the psychological, physical, and mental health of a child who is displayed as a sex object with her skirt lifted and genitalia fully visible through nude nylons is as much an offense as if she were fully unclothed. Requiring the latter as a matter of law in order to prove that the conduct is sexually explicit, despite the see-through nature of the alleged nylons, would defy common sense and construe the statute in an unreasonable manner. *See Ebersold*, 306 Wis. 2d 371, ¶ 5.

---

assertion, stating that he had just had his glasses replaced and could not see the underwear defense counsel was describing. Although the court later stated that the presence of underwear may be arguable, our review of the photographs confirms the trial court's initial impression that the child is not wearing underwear. We note that Lala does not contend otherwise on appeal, referring only to "nylon underwear" and evidence of what appears to be a seam.

¶ 16. While Wis. Stat. § 948.12(1m) does not define "nudity," the definition of "nudity" set forth in Wis. Stat. § 948.11(1)(d), pertaining to exposing a child to harmful materials, informs our conclusion. *See State v. Popke*, 2009 WI 37, ¶ 18, 317 Wis. 2d 118, 765 N.W.2d 569 (where a term was not defined by the statutory section at issue, the supreme court applied the definition of the identical term set forth elsewhere in the chapter). Section 948.11(1)(d) provides, in relevant part, that nudity is "the showing of the human male or female genitals, pubic area or buttocks with less than a full opaque covering." This definition clearly sets forth the legislature's understanding of "nudity," and both of these statutory provisions seek to protect children from pornography.

¶ 17. In sum, despite the arguable presence of nylons which provided less than a full opaque covering and left the child's intimate parts visibly displayed, the evidence was sufficient to support the trial court's conclusion that the photographs depicted a child engaged in sexually explicit conduct.[7]

*The Facts Support the Trial Court's Determination that Lala Knew the Character and Content of the Photographs to be Sexually Explicit.*

■■

¶ 18. Lala did not testify at trial; therefore, the trial court's determination that Lala knew the character and content of the photographs to be sexually

---

[7] Because the covering in this case was less than opaque, we need not, and do not, decide whether the presence of a full opaque covering would be sufficient to avoid a violation of Wis. Stat. § 948.12(1m). *See State v. Castillo*, 213 Wis. 2d 488, 492, 570 N.W.2d 44 (1997) (an appellate court should decide cases on the narrowest possible grounds).

explicit was based on the content of the e-mail report taken from his computer. The e-mail report contained several e-mails from Lala to various websites requesting photographs and videos of girls in a specified age range wearing nylons, and inquiries as to whether photographs could be taken of the child without underwear.[8] Lala requested that the child models pose like the girl in the seven photographs that were attached to the e-mails (four of which have been deemed sexually explicit by the trial court and this court). Lala stated in the e-mails that although he had not sent many photographs, he would like most of the photographs to be taken angling up the child's skirt.

¶ 19. Upon review of the e-mail report, we conclude there is sufficient evidence to support the trial court's finding that Lala knew the character and content of the photographs to be sexually explicit.

## CONCLUSION

¶ 20. The determination of what is lewd and therefore "sexually explicit conduct" within the meaning of Wis. Stat. § 948.12(1m) is a common sense factual finding to be made by the trier of fact. This determination is guided by the general concepts articulated in *Petrone*. Here, whether the girl was wearing see-through nylons or not, any covering was less than full opaque and her pubic mound was visibly displayed. We conclude the trial court did not err in its determination that the child depicted in the photographs was engaged in sexually explicit conduct and that Lala knew the character of the conduct to be sexually explicit. The

---

[8] Lala made several e-mail inquiries to various sites regarding whether or not it was possible to have the child models pose in nylons without underwear.

304

evidence presented at trial was clearly sufficient to support both these determinations. Therefore, we affirm.

*By the Court.*—Judgment affirmed.