PER CURIAM.
¶1 In these consolidated appeals, the State appeals orders of the circuit court suppressing evidence obtained during a search, authorized by a search warrant, of the residence of Kristen Switzky and Eric Switzky.[1] The State contends that the search warrant was supported by probable cause. For the reasons set forth below, we agree with the State. We therefore reverse the suppression orders and remand for further proceedings.
¶2 In October 2017, police executed a search warrant for the residence located at 8832 Lake Road in Fayette. During the search, police located marijuana plants and items associated with an illegal marijuana grow operation. The Switzkys moved the circuit court to suppress evidence obtained during the search. They argued that the search warrant lacked probable cause, requiring suppression of the evidence. Following a hearing on the motions, the court granted the suppression motions.
¶3 In our review of a challenge to a search warrant, we are limited to the record as it existed before the judge at the time the warrant was issued. State v. Sloan , 2007 WI App 146, ¶8, 303 Wis. 2d 438, 736 N.W.2d 189. The question before us is whether the judge "was 'apprised of sufficient facts to excite an honest belief in a reasonable mind that the objects sought are linked with the commission of the crime, and that they will be found in the place to be searched.' " Id. (quoted source omitted). "The well-established test for probable cause is that it is 'flexible,' and is 'a practical commonsense decision' that is made considering 'the totality of the circumstances,' " State v. Silverstein , 2017 WI App 64, ¶22, 378 Wis. 2d 42, 902 N.W.2d 550 (quoted sources omitted), and the judge issuing or denying the warrant " 'may make the usual inferences reasonable persons would draw from the facts presented.' " State v. St. Martin , 2011 WI 44, ¶16, 334 Wis. 2d 290, 800 N.W.2d 858 (quoted source omitted). "In reviewing whether there was probable cause for the issuance of a search warrant, we accord great deference to the determination made by the warrant-issuing [judge]." State v. Ward , 2000 WI 3, ¶21, 231 Wis. 2d 723, 604 N.W.2d 517.
¶4 The search warrant affidavit submitted to the circuit court in support of the October 2017 warrant set forth the following facts:
• The warrant affidavit affiant, Lafayette County Sheriff Detective Erik Longseth "received information from a confidential informant ... on or about October 17, 2017, that a hydroponic indoor marijuana grow operation is located outside on the property, and in the basement area of Eric Switzky and/or Kristen Switzky, 8832 Lake Road, Fayette."
• The confidential informant reported that the informant was acquainted with Eric and Kristen, that the informant had been to their residence at 8832 Lake Road "on numerous occasions," and had been in the basement of that residence, which the informant "described ... as two or more sections divided by a wall."
• The confidential informant "report[ed] [that] once in the second portion of the basement, where the laundry facilities, water heater, toilet and shower are located, there is a hidden room ... [and] once inside this hidden room there are many lights used to grow the marijuana." The confidential informant informed Detective Longseth "that approximately 100 seedling marijuana plant[s], approximately 2 inches tall, are currently growing in the hidden room."
• The confidential informant "report[ed] [that] the grow operation is incorrectly ventilated, in which the fumes from the grow area are exhausted into the living room of the residence, which is a commonly used room for all family and guests."
• The confidential informant "report[ed] [the informant] witnessed ... numerous marijuana plants growing in the basement and ... described a marijuana grow outside the residence." The confidential informant "report[ed] as of October 15, 2017, both grows had been harvested" and the informant "observed the harvested marijuana in the garage of the residence, hanging and drying in the garage as of October 15, 2017."
• The confidential informant "report[ed] Eric and Kristen routinely process, package, and sell immediately after curing, from the home."
• The confidential informant "report[ed] he was present during the production of hash oil inside the residence," that the "hashish oil is manufactured via a butane chemical method, done inside the residence," and that "the butane lab, used to make the hash oil, was located in the fitness room, on the main floor of the residence."
• The confidential informant "report[ed] there are three minor children residing inside the residence."
• Detective Longseth observed there is a single family residence located at 8832 Lake Road in Fayette and he conducted an internet search of Fayette using Google and "was able to observe an aerial view of the residence at 8832 Lake Road," which "appears to be a single story residence with an attached garage to the north."
• Detective Longseth traveled to Fayette and observed that "a single story, single family residence with a driveway that approaches the residence from the north, from Lake Road," is located at 8832 Lake Road. Detective Longseth observed that the residence has "brown/tan siding, a brown metal roof, ... an attached garage" and "a wraparound deck from the west side of the residence to the south side of the residence."
• Detective Longseth "knows based on his training and experience, that the butane method is a volatile method used in the production of hashish oil."
¶5 The State contends that the search warrant affidavit establishes probable cause for the search warrant. The State argues that it is reasonable to infer from the affidavit that the informant was known to the police and that the informant would believe that he or she would be held accountable for providing false information. The State also argues that the "wealth of information provided by the ... informant" makes "a strong showing as to the confidential informant's basis of knowledge."
¶6 The Switzkys respond that the search warrant affidavit is insufficient to establish probable cause. Specifically, they argue that the "confidential informant's" information was not shown to be sufficiently reliable. The Switzkys point out that the affidavit does not state why the informant should be considered reliable and does not state that the informant was known to the police, or how and why the informant provided the information to the police. The Switzkys also point out that the affidavit does not state that the police corroborated the information provided by the informant, other than verifying that a residential house was located at 8832 Lake Road.
¶7 We conclude that the facts in the search warrant affidavit, taken together, are sufficient to support an honest belief that evidence of an illegal marijuana growing operation would be found at 8832 Lake Road. See Sloan , 303 Wis. 2d 438, ¶8.
¶8 "In evaluating information provided by " 'persons supplying hearsay information,' " we must evaluate the veracity of the hearsay declarant as well as the 'basis of the declarant's knowledge.' " State v. Popp , 2014 WI App 100, ¶28, 357 Wis. 2d 696, 855 N.W.3d 471 (quoted sources omitted). In considering an informant's veracity, a court evaluates the credibility of the declarant or the reliability of the information provided. State v. Romero , 2009 WI 32, ¶21, 317 Wis. 2d 12, 765 N.W.2d 756. As pointed out by the Switzkys, the warrant affidavit does not state how or why the information set forth in the affidavit was given by the informant to law enforcement. Thus, the Switzkys assert, the issuing judge was unable to assess the credibility of the informant from the affidavit.
¶9 When the credibility of an informant cannot be determined, as in the case of an anonymous informant, the reliability of the information may be shown by the totality of the circumstances, "including 'the presence of detail in the information, and corroboration of details of an informant's tip by independent police work." State v. Hillary , 2017 WI App 67, ¶9, 378 Wis. 2d 267, 903 N.W.2d 311 ; see Romero , 317 Wis. 2d 12, ¶22 ("wealth of detail communicated by a declarant ... may be sufficient to permit an inference that the basis of the declarant's knowledge is sound").
¶10 Here, the informant was not "entirely anonymous," as in Hillary , 378 Wis. 2d 267, ¶9, in that it can be reasonably inferred from his being labelled "confidential" that he was known to the police. Moreover, we find the analysis in Hillary regarding an "entirely anonymous" informant instructive:
In considering the basis of an informant's knowledge, a court considers "whether the declarant had a basis for his or her allegations that evidence of a crime would be found at a certain place." The basis of the informant's knowledge "is most directly shown by an explanation of how the declarant came by his or her information." The basis also may be shown indirectly. For example, "the wealth of detail" provided by the informant "may be sufficient to permit an inference that the basis of the declarant's knowledge is sound."
Id. (internal citations and quoted sources omitted).
¶11 Here, as summarized in detail above, the informant did not merely make a generalized statement that the Switzkys were growing marijuana at their residence. Instead, the informant provided a "wealth of detail." For example, the informant reported that the Switzkys were operating a marijuana grow operation out of their residence, and described in detail the layout of the basement and the existence of a hidden door leading to a room in which marijuana plants were grown. The informant provided specific information that the room used to grow marijuana did not have proper ventilation, and that fumes from that room were vented into the living room. The informant also provided information that explained that the informant personally observed that the Switzkys had harvested marijuana plants two days prior to the execution of the affidavit, that they had stored the harvested marijuana plants inside the residence's garage, and that the informant was present at the residence when hash oil was being produced. In addition, the existence of the residence and garage was corroborated by independent police work.
¶12 We observe that only a little of the information provided by the informant was corroborated by police. Typically, a judge would expect to see in an affidavit of this type additional corroboration, such as utility records showing a greater electrical usage than would be otherwise expected. The warrant affidavit in this case states that law enforcement would expect the Switzkys' electrical usage to be greater than that of neighboring houses, but the affidavit does not indicate that the records for the residence were obtained. Given that lack of corroboration, as strenuously argued by the Switzkys, we believe that whether the warrant affidavit establishes probable cause for the warrant is a close call. However, we conclude that, under the totality of the circumstances, in particular given the detailed information provided by the informant, along with the reasonable inference that the identity of the informant was known to the police, the affidavit provides a basis for finding probable cause for the issuance of the warrant. Accordingly, we reverse the order of suppression and remand for further proceedings.[2]
By the Court. -Order reversed and cause remanded.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

We consolidated Kristen's and Eric's separate appeals on the parties' motions.

Because of our conclusion that the warrant affidavit established probable cause, we do not address the State's argument relating to the good faith exception to the exclusionary rule. See Sweet v. Berge , 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (if a decision on one point disposes of the appeal, the court will not decide other issues raised).