COURT OF APPEALS
DECISION
DATED AND FILED

September 23, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP647-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. **2016CF194**

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

JOHN E. SOWIN,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Calumet County: JEFFREY S. FROEHLICH, Judge. *Affirmed*.

Before Reilly, P.J., Gundrum and Davis, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  A jury found John E. Sowin guilty of fifteen counts of possession of child pornography.  We reject his contentions that his motions to suppress the fruits of the search warrant leading to the discovery of the pornography should have been granted and that the evidence should have been excluded at trial as irrelevant or more prejudicial than probative.  We also disagree that the evidence was insufficient to support the verdict.  We affirm the judgment.

¶2     The Appleton Police Department received three "cybertips" from the National Center for Missing and Exploited Children (NCMEC) regarding possible computer possession of child pornography.[1]  The cybertips were passed to NCMEC from "Omegle," a video-based chat room that allows users to upload images to share with other users and captures suspicious images from webcams used during chats.  Omegle reported images from a particular internet protocol (IP) address depicting an approximately six-year-old female performing oral sex on an adult male.  *See* 18 USC § 2258A (2020).  A subpoena to Time Warner Cable determined that the IP address transmitting the images belonged to Sowin at his residential address; two other cybertips of similar child pornography also originated from IP addresses belonging to Sowin.

¶3     Appleton police detective Matt Kuether, a sex-offender registry specialist and sensitive-crimes investigator, filed an affidavit in support of a search warrant of Sowin's residence.  The court found that the affidavit stated at least a minimum standard of probable cause because there was "a substantial basis" of "a fair probability that a search would uncover evidence of wrongdoing."  Looking to

___

[1]  The cybertip first went to the Kaukauna police department.  Given Sowin's residential address, the information was relayed to Appleton police.

*State v. Silverstein*, 2017 WI App 64, 378 Wis. 2d 42, 902 N.W.2d 550, the court found that, like Tumblr.com, the electronic service provider in *Silverstein*, Omegle was the equivalent of an identifiable citizen informant, as it is a named, traceable entity that is reporting a crime in furtherance of public safety, and gains nothing from making the tip. *See id.*, ¶¶2, 19.

¶4 A forensic analysis of a computer seized from Sowin's secluded personal home office accessible only through a heavy bookcase door revealed no viewable images of child pornography; however, fifteen "thumbnail databases" were among the data examined. Sowin moved to exclude them. He alleged that the affidavit in support of the search warrant failed to establish probable cause that evidence of child pornography would be found in his residence or to establish either Omegle's credibility as a "tipster" or the reliability of the information. He contended that, due to the thumbnails' manner of storage and microscopic size, they could not be accessed or viewed without additional software not present on his computer so that it was not possible to determine whether he ever saw, opened, viewed, accessed, or even knew about the images.

¶5 After additional briefing and a hearing on the relevance motion, the court was persuaded that, under the broad "or other recording" language of WIS. STAT. § 948.12(1) (2017-18),[2] the thumbnails were akin to undeveloped film and found them relevant and not unfairly prejudicial.

---

[2] Under WIS. STAT. § 948.12,

(1m) Whoever possesses, or accesses in any way with the intent to view, any undeveloped film, photographic negative, photograph, motion picture, videotape, or other recording of a child engaged in sexually explicit conduct under all of the following circumstances may be penalized under sub. (3)

(continued)

¶6      Using software not found on Sowin's computer, Stacey Sadoff, a Wisconsin Department of Justice (DOJ) digital forensic analyst, was able to produce the fifteen images allegedly meeting the definition of child pornography under WIS. STAT. §§ 948.12(1m) and 948.01(7) and put them on a flash drive. Sowin went to a jury trial on fifteen counts of child pornography possession. The jury viewed the flash drive images and found Sowin guilty. This appeal followed.

*Probable Cause for Search Warrant*

¶7      Sowin first contends his motion to suppress should have been granted because the affidavit supporting the search warrant was not supported by probable cause to believe that evidence of possession of child pornography would be found in his home. He argues that the information in the affidavit is too attenuated, as it depended upon Kaukauna Police Lieutenant Graf's[3] information, which depended upon NCMEC's, which originated from Omegle, the credibility and reliability of which was not set forth.

¶8      "Our review of an order granting or denying a motion to suppress evidence presents a question of constitutional fact." *State v. Robinson*, 2010 WI 80, ¶22, 327 Wis. 2d 302, 786 N.W.2d 463 (citation omitted). When presented

---

(a) The person knows that he or she possesses or has accessed the material.

(b) The person knows, or reasonably should know, that the material that is possessed or accessed contained depictions of sexually explicit conduct.

(c) The person knows or reasonably should know that the child depicted in the material who is engaged in sexually explicit conduct has not attained the age of 18 years.

All references to the Wisconsin Statutes are to the 2017-18 version unless noted.

[3] The Kaukauna lieutenant's name is spelled both "Graf" and "Graff" in the record.

with a question of constitutional fact, we first deferentially review the circuit court's findings of historical fact, upholding them unless they are clearly erroneous, then independently apply constitutional principles to those facts. *Id.*

¶9　Appellate courts "accord great deference to the warrant-issuing judge's determination of probable cause and that determination will stand unless the defendant establishes that the facts are clearly insufficient to support a finding of probable cause." *State v. Higginbotham*, 162 Wis. 2d 978, 989, 471 N.W.2d 24 (1991). The court issuing the warrant must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before it, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Multaler*, 2002 WI 35, ¶8, 252 Wis. 2d 54, 643 N.W.2d 437. The test is not whether the inference drawn is the *only* reasonable inference but whether it is *a* reasonable one. *State v. Ward*, 2000 WI 3, ¶29, 231 Wis. 2d 723, 604 N.W.2d 517.

¶10　According to the warrant affidavit, Graf received a cybertip from NCMEC, filed by Omegle. The cybertip stated that twice in December 2013 and again twice in February 2014, images containing suspected child pornography were reported from IP addresses verified as registered to Sowin and included his home address, home email address, and his telephone number. Per Omegle, all of the images depicted juvenile females performing fellatio on adult males.

¶11　Sowin argues that, despite similarities, the trial court erred in analogizing his case to *Silverstein*. In *Silverstein*, electronic service provider "Tumblr" provided information regarding alleged child pornography to NCMEC, which in turn provided it to police. *Silverstein*, 378 Wis. 2d 42, ¶¶6-8. The affidavit there described how the tip was provided to and processed by law

enforcement; we upheld the denial of Silverstein's warrant challenge, concluding that the Tumblr tip was properly viewed as having come from an identified citizen informant and thus was reliable. *Id.*, ¶2. By contrast, Sowin asserts, Kuether's affidavit simply presumed Omegle's reliability.

¶12 We disagree. "[C]ourts recognize the importance of citizen informants and accordingly apply a relaxed test of reliability that shifts from a question of 'personal reliability' to one of 'observational reliability.'" *State v. Kolk*, 2006 WI App 261, ¶13, 298 Wis. 2d 99, 726 N.W.2d 337 (citation omitted). The Kuether affidavit outlined three specific cybertips based on Omegle's discovery of actual images in its chat room depicting child pornography which, like other internet services providers, required disclosure. *See id.*, ¶¶5, 19. The affidavit provided the IP addresses belonging to Sowin and subscriber information registered to him at his home address with his email address and telephone number. The affidavit also referenced WIS. STAT. § 948.12, supporting an inference that Sowin knowingly possessed images of child pornography. The trial court found that Omegle basically is "an identical entity to Tumblr … that's traceable … that does not gain anything from making the tip, and [as] … a mandated reporter to NCMEC … is basically a citizen informant." Circumstances set forth in the affidavit allowed a reasonable inference that evidence of a crime would be found. We conclude the warrant was supported by probable cause.

*Admission of Thumbnail Databases*

¶13 Sowin next contends that, as additional necessary software was not present on his computer when police executed the search, it was not possible to determine whether he ever saw, opened, viewed, accessed, or even knew about the thumbnail databases. He argues that the databases thus were irrelevant to the issue

of knowing possession, *see* W_IS_. S_TAT_. 948.12(1m), but, even if relevant, they should have been excluded as more prejudicial than probative.

¶14　The trial court's decision to admit or exclude evidence is reviewed for an erroneous exercise of discretion, **State v. Wilson**, 2015 WI 48, ¶47, 362 Wis. 2d 193, 864 N.W.2d 52, that is, whether the court's decision comported with accepted legal standards and with the facts of record, **State v. Stinson**, 134 Wis. 2d 224, 232, 397 N.W.2d 136 (Ct. App. 1986).

¶15　Evidence is relevant if it tends to make the existence of any fact of consequence more or less probable that it would be without the evidence. W_IS_. S_TAT_. § 904.01. If relevant, the evidence generally is admissible. W_IS_. S_TAT_. § 904.02. But even if relevant, evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." W_IS_. S_TAT_. § 904.03.

¶16　The State had to show Sowin knowingly possessed sexually explicit images of children. As used in W_IS_. S_TAT_. § 948.12(1m), "know" "requires only that the actor believes that the specified fact exists." W_IS_. S_TAT_. § 939.23(2). Knowledge and intent are closely related: "When criminal intent is an element of a crime … such intent is indicated by the term 'intentionally', the phrase 'with intent to', the phrase 'with intent that', or some form of the verbs 'know' or 'believe.'" Sec. 939.23(1); *see also* W_IS_ JI – C_RIMINAL_ 2146A. The presence of the thumbnails on Sowin's computer constitutes legitimate circumstantial and inferential evidence from which the jury could decide whether Sowin knowingly possessed the images. *See*, e.g., **State v. Spraggin**, 77 Wis. 2d 89, 105, 252 N.W.2d 94 (1977).

¶17    The thumbnails are relevant because, at trial, the State reasonably could anticipate that Sowin would dispute that he knowingly possessed the pornographic images. DOJ forensic analyst Sadoff testified that Sowin's office computer contained thumbnails of suspected child pornography and that, whether "downloaded or viewed or moved from another device," "at some point … [s]omething was done to have the operating system create [them]" and that a "savvy user of computers" would know how to download software to erase the actual images. She also testified about other things found on Sowin's computer: a "peer-to-peer sharing" program called "Ares" and evidence that child pornography was downloaded on Ares to his computer; a browser called "Tor" that can be used to search and view child pornography on the computer; and an internet history revealing more than 100,000 search terms frequently seen in child pornography investigations.

¶18    Sowin's wife testified that Sowin was "very smart technologically," that he had built computers, and that his computer was located in a "private office space" with a large bookcase for a door, and she and the children used a computer in another room.

¶19    Defense expert Peyton Engel testified that thumbnail images could be present on the hard drive only if someone previously downloaded or viewed the images on that computer. Engel also testified that: to open the thumbnail cache file, a piece of free software not present on Sowin's computer was needed but obtaining and downloading it was not difficult; as the user ID on the computer was "John5," there was "no dispute" that Sowin was a user of the computer; the thumbnails of child pornography were in a folder that was in "one way or another accessed on the computer" "not inconsistent" with someone viewing the images; a sophisticated user of a computer "can cover their tracks pretty well"; a "good way

8

of not leaving traces of your browsing activity" is to use Tor; evidence that someone had installed Tor, built a computer, or installed hard drives "would be consistent with someone having a bit more understanding" of computers than the average person; searching the internet was "evidence of interest in the thing being searched for," such that a search for child pornography shows an intent to locate or find it "[a]t the time you did that search[]"; and the search for child pornography on Sowin's computer was "consistent with the subject matter of the images in the thumbcache database."

¶20    In *State v. Mercer*, 2010 WI App 47, 324 Wis. 2d 506, 782 N.W. 2d 125, this court considered whether pornographic images found by monitoring software in Mercer's computer's temporary cache files were relevant to knowing possession of child pornography. *Id.*, ¶¶17–23.  Despite no digital images of child pornography on Mercer's computer hard drive, we concluded that "an individual knowingly possesses child pornography when he or she affirmatively pulls up images of child pornography on the Internet and views those images knowing that they contain child pornography.  Whether the proof is hard drive evidence or something else … should not matter because both capture a 'videotape' of the same behavior." *Id.*, ¶31.  The thumbnail images found on Sowin's computer thus were relevant and admissible to prove that he knowingly possessed child pornography.

¶21    Here, there is additional evidence that tends to show that the computer user sought out child pornography.  "John5" performed searches using child pornography terms, many conducted in close proximity to searches related to medical and radiology terms—Sowin is a radiologist—allowing the jury to infer that Sowin conducted the searches.  The Appleton police investigation report describes in over thirteen pages the extensive internet searches using child

9

pornography terms that the forensic analysis of Sowin's computer uncovered. The existence of the thumbnail images of child pornography is relevant to the issue of knowing possession of child pornography, particularly in conjunction with the evidence leading to a reasonable inference that Sowin used his computer to search for child pornography on multiple occasions.

¶22 We agree with the trial court that the broad language of WIS. STAT. § 948.12(1m) ("or other recording") further supports the conclusion that Sowin was in violation of the statute by virtue of his possession of the pornographic thumbnail images. Whether or not there was a viewer on Sowin's computer at the time police seized it, the jury could infer that the thumbnail images were "other recordings" created as a result of the user possessing child pornography. The jury heard testimony that the software was free and easily obtainable and that being computer savvy, Sowin would know how to download the viewing software and cover his tracks by using other software to hide his online activity. This evidence was not only probative but central to the State's case and permitted the jury to reasonably infer that Sowin would know how to install and remove software so as to view the thumbnail images. Unless the danger of unfair prejudice "substantially outweigh[s]" the evidence's probative value, "the bias, then, is squarely on the side of admissibility. Close cases should be resolved in favor of admission." *State v. Marinez*, 2011 WI 12, ¶41, 331 Wis. 2d 568, 797 N.W.2d 399 (citation omitted). Sowin's claim that the evidence is "highly prejudicial" fails in light of its significant probative value.

¶23 Further, The child pornography thumbnails found on Sowin's computer were relevant to the State's burden of proving knowing possession and their probative value far outweighed any prejudice.

10

*Sufficiency of the Evidence*

¶24    Finally, Sowin argues that the physical evidence presented at trial was insufficient to find him guilty of possession of child pornography. Once again, he reiterates the lack of the thumbnail viewer software on his computer.

¶23    Sowin's claim that the circumstantial evidence does not support the verdicts is not persuasive. The State bears the burden of proof to prove beyond a reasonable doubt every essential element of the crime charged. *State v. Poellinger*, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990). The test is not whether this court is convinced of the defendant's guilt, but whether we can conclude that, acting reasonably, the evidence could so convince the trier of fact and we must view it in the light most favorable to the finding. *Id.* at 503-04. This standard applies equally to circumstantial evidence. *Id.* at 502. On review, we may overturn a verdict on grounds of insufficiency of the evidence only if the trier of fact could not possibly have drawn the appropriate inferences from the evidence adduced at trial. *State v. Watkins*, 2002 WI 101, ¶68, 255 Wis. 2d 265, 647 N.W.2d 244.

¶24    Throughout this opinion we have described the evidence, albeit circumstantial, that supports the jury's inferences that Sowin knowingly possessed child pornography. We need not recite it again. The evidence was sufficient to support the verdicts.

    *By the Court.*—Judgment affirmed.

    This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.