In re the ORDER FOR ATTORNEY'S FEES IN
In re the ESTATE OF Elizabeth CARPENTER:

## John M. KELLY and John M. Kelly, Attorney at Law, LLC, Appellants,

v.

## Paula BROWN, Margaret Gerth, Helen Lira, Mary Carpenter-Kupsch and Kathleen McAllister, Respondents.

Court of Appeals

*No. 2015AP777. Submitted on briefs November 10, 2015.—Decided March 16, 2016.*

2016 WI App 31

(Also reported in 879 N.W.2d 127.)

On behalf of the appellants, the cause was submitted on the briefs of *John M. Kelly* of *John M. Kelly Attorney At Law LLC* of Oshkosh.

On behalf of the respondents, the cause was submitted on the brief of *Charles J. Hertel* of *Dempsey Law Firm, LLP* of Oshkosh.

Before Neubauer, C.J., Gundrum and Hagedorn, JJ.

¶ 1. HAGEDORN, J.   Lois Noone held a power of attorney (POA) for her mother Elizabeth Carpenter. Some of Elizabeth's other children brought an action to review certain decisions Noone made on their mother's behalf. Attorney John M. Kelly defended Noone in the action and was paid over $25,000 in fees. During the pendency of the action, Elizabeth passed away. The circuit court concluded the underlying action was moot, but nonetheless entered an order limiting Kelly's attorney's fees to just $6000, asserting it had the authority to do so under WIS. STAT. § 244.16(1) (2013–14).[1] Kelly and his firm—John M. Kelly, Attorney at Law, LLC—appeal this order.

¶ 2.   Kelly argues that WIS. STAT. § 244.16(1) does not give the circuit court the authority to adjust his fees absent finding misconduct on the part of Noone. We agree and, therefore, reverse the circuit court's order. Because we reverse on this ground, we need not address additional grounds for relief raised by Kelly.

## Background

¶ 3.   Elizabeth and her husband Harold Carpenter had ten children, including Noone, the attorney-in-fact[2] for Elizabeth. Some of the Carpenters' other children —Paula Brown, Margaret Gerth, Helen Lira, Mary Carpenter-Kupsch, and Kathleen McAllister (the Respondents)—brought an action under WIS. STAT.

---

[1] All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

[2] An attorney-in-fact is the holder of a power of attorney who is "designated to transact business for another." *See* BLACK'S LAW DICTIONARY 153 (10th ed. 2014).

§§ 244.16 and 155.60 to review certain decisions Noone made on behalf of Elizabeth as her attorney-in-fact. Kelly was enlisted to defend Noone in the action. Rather than hear testimony, the court first appointed a guardian ad litem (GAL) to investigate the matter. However, before the GAL concluded his investigation, Elizabeth passed away and the circuit court concluded that review of Noone's conduct was moot.[3]

¶ 4.  Nevertheless, the circuit court held a hearing to resolve issues related to Kelly's fees. Though the court reiterated that it thought the action was moot, it expressed displeasure that the action had turned into a "fight of who should pay the bills." The court complained that the case had been "substantially over-litigated" and that "counsel should be ashamed of themselves." In light of what it viewed as excessive litigation, the court limited Kelly's fees to thirty hours at $200 per hour, or $6000.

¶ 5.  After the hearing, Kelly filed a letter with the court objecting to the order limiting his fees.[4] Kelly argued that his fees had not been paid out of Elizabeth's assets by Noone as the attorney-in-fact, but rather by Harold and the trustee for the Carpenters' trust. In response, the court ordered the GAL to look into the issue and "evaluate who got paid by whom and who authorized that" and submit a report to the court.

¶ 6.  Following this, the court held another hearing on the issue. Kelly testified that Harold personally paid him $7896.25 and that the remainder of his fees,

---

[3] Although the circuit court did not decide the merits of the case, the report of the GAL concluded that there was no misconduct on the part of Noone.

[4] Counsel for the Respondents drafted a proposed order for the court reflecting its September 19, 2014 ruling and Kelly objected to it—an objection which the court entertained.

$17,738, was paid out of the Carpenters' trust by the trustee, U.S. Bank, for a total of over $25,000. Kelly presented and the court admitted a number of exhibits to support his position. Because Noone did not authorize any of the payments, Kelly argued that WIS. STAT. § 244.16(1) did not grant the court authority to limit his fees in this case.

¶ 7. The court concluded that it "retain[ed] some limited jurisdiction" in this action to review financial issues affecting Elizabeth's estate. The court reasoned that WIS. STAT. § 244.16(1) granted it authority not only to review the conduct of Noone as the attorney-in-fact for Elizabeth but also to grant appropriate relief. Among the range of "appropriate" options, the court concluded that § 244.16(1) granted it the authority to apportion attorney's fees in the case. The court reiterated its previous conclusion that the action was "not highly complex," and that defending Noone was "not a $25,000 case." The court also affirmed its conclusion that $200 per hour was a reasonable rate and that the case should have taken thirty hours to defend.[5] A written order to this effect was entered, from which Kelly now appeals.

## Discussion

¶ 8. This case presents an issue of statutory interpretation. The interpretation of statutes and their application to a set of facts are questions of law that we review independently. *Phelps v. Physicians Ins. Co. of Wis.*, 2009 WI 74, ¶ 36, 319 Wis. 2d 1, 768 N.W.2d 615.

---

[5] The court stated twice on the record that it thought twenty hours was appropriate, but its written order reflected its original estimate of thirty hours.

When we interpret statutes, we begin—and usually end—our inquiry with the plain meaning of the text. *State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110.

■

¶ 9.  The question in this case is whether the court's circumscription of Kelly's fees, absent a finding of misconduct or wrongdoing by the agent he was defending, is permissible and "appropriate relief" under Wis. Stat. § 244.16(1). Because the circuit court did not find any misconduct on the part of Noone as the attorney-in-fact, Kelly argues that it lacked power to grant any relief and erred when it entered an order limiting his fees. The Respondents agree with the circuit court and contend that "appropriate relief" is very broad and encompasses a determination of whether fees paid out of assets of the principal are reasonable.[6]

---

[6] Respondents also argue that Kelly waived his argument because he requested that the circuit court determine his fees and cannot now deny the court's authority to do so. However, the Respondents fail to support their argument with appropriate citations to the record. The parties dispute—and the record does not settle—who initiated the discussion of attorney fees. At the September 19, 2014 hearing, the circuit court stated the purpose of the hearing was to resolve "some request" for fees. However, we are left with no information about who made the request, or whether the circuit court addressed the issue sua sponte. Based on the July 25, 2014 letter from the GAL to the court referencing a discussion of fees during a teleconference, it appears the issue of fees was initially raised at that time. Unfortunately, a transcript of that teleconference does not appear in the record. Furthermore, at the January 9, 2015 hearing, Kelly clearly articulated that he did not believe that the court had authority to limit his fees. This seems more than sufficient to preserve his objection for this appeal. In the

¶ 10. We conclude that the plain language of WIS. STAT. § 244.16(1), especially when viewed in tandem with the remedies provided in WIS. STAT. § 244.17, does not grant the circuit court authority to limit attorney's fees in this case.

¶ 11. The petition in this case was brought under WIS. STAT. §§ 244.16 and 155.60. It alleged, among other things, that Noone engaged in or may have engaged in wrongdoing in her role as attorney-in-fact. Section 155.60 relates to Noone's work as health care POA and is not relevant to the issue before us.[7]

¶ 12. WISCONSIN STAT. § 244.16(1) provides that certain persons may petition a circuit court "to construe a power of attorney or review the agent's conduct, and grant appropriate relief." Sec. 244.16(1).

---

absence of any citation supporting the Respondents' argument on this point, we cannot conclude that Kelly waived this argument.

[7] WISCONSIN STAT. § 155.60(4)(a) states:

(4)(a) Any interested party may petition the court assigned to exercise probate jurisdiction for the county where a principal is present or the county of the principal's legal residence to review whether the health care agent is performing his or her duties in accordance with the terms of the power of attorney for health care instrument executed by the principal. If the court finds after a hearing that the health care agent has not been performing in accordance with the terms of the instrument, the court may do any of the following:

1. Direct the health care agent to act in accordance with the terms of the principal's power of attorney for health care instrument.

2. Require the health care agent to report to the court concerning performance of the health care agent's duties at periods of time established by the court.

3. Rescind all powers of the health care agent to act under the power of attorney for health care and the power of attorney for health care instrument.

When an agent violates his or her obligations under Wis. Stat. ch. 244, Wis. Stat. § 244.17(2) provides that he or she is "liable to the principal or the principal's successors in interest for the amount required to . . . [r]eimburse the principal or the principal's successors in interest for the attorney fees and costs paid on the agent's behalf."[8]

¶ 13.   The circuit court based its decision on the phrase "appropriate relief" in Wis. Stat. § 244.16(1). "Relief" is a general term that refers to the redress or benefit a litigant may obtain.[9] The relief or remedy a litigant seeks is—by definition—tailored to the nature of the legal claim. For example, Wisconsin and federal rules allow parties to move to dismiss actions that fail to state a claim upon which "relief" can be granted. Fed. R. Civ. P. 12(b)(6); Wis. Stat. § 802.06(2)(a)6. The statute here makes clear the nature of relief the circuit court may give:   the relief must be "appropriate"— that is, "specially suitable"[10]—for the statute's purposes. Thus, the statute gives the court broad authority to provide "appropriate relief," or a suitable remedy, to the wrong complained of. And here, the action is one for construing a POA or reviewing the actions of an attorney-in-fact. The relief must fit the purpose of the action; it is not a broad invitation to the court to wade into the private attorney-client arrangements of the

---

[8] While the parties do not cite Wis. Stat. § 244.17, the remedies here seem clearly applicable in light of the nature of the petition against Noone.

[9] West's Encyclopedia of American Law (2d ed. 2008), http://legal-dictionary.thefreedictionary.com/relief (last visited Mar. 14, 2016).

[10] See Webster's Third New International Dictionary 106 (1993) (defining "appropriate" as meaning "specially suitable").

parties unless it is within the realm of construing a POA or reviewing the conduct of an agent.

¶ 14. The circuit court exceeded its authority under WIS. STAT. § 244.16(1) because its order limiting fees was not aimed at remedying Noone's actions as attorney-in-fact. The circuit court expressed its conclusion multiple times that the action to review Noone's conduct was moot. Thus, the court made no findings regarding the scope of the POA or Noone's conduct. It certainly made no finding that Noone had abused her power or that she used her power to order payment of Kelly's fees. If it had, we assume it would have reviewed the remedies for agent liability under WIS. STAT. § 244.17. Indeed, § 244.17(2) provides the court with the authority to order the agent to reimburse attorney's fees and costs incurred in the defense of the action, but only when the agent has violated her duties under WIS. STAT. ch. 244. Rather, the court concluded that it possessed the authority to review the fees independent of reviewing Noone's conduct. Nowhere in the record does the circuit court attempt to anchor its decision to limit Kelly's fees in its review of Noone's conduct. Instead, the court simply concluded that § 244.16 granted it jurisdiction to "clean up the messes." Because the court concluded there was no remaining claim after Elizabeth passed away and made no finding that Noone exceeded her authority as an agent, there was nothing for the court to remedy in this case.

¶ 15. Finally, we note that Noone submitted a letter and documents showing she did not authorize the payment of the fees and that her father directed that her defense fees as agent were to be paid from the estate of Harold and Elizabeth. The court did not make findings of fact on any of these matters. Indeed, the

361

court stated that it was not going to analyze the trust. Regardless, Noone did not pay the fees. Harold, as the prior POA for Elizabeth, signed the initial checks for the payment of Kelly's fees, and he was also the trustee of the Harold and Elizabeth Carpenter trust. U.S. Bank paid additional invoices. Here, the Respondents have not brought a claim against the trust, trustees or personal representative, nor do they develop any argument that Harold, as POA, and as trustee, or the bank, as successor trustee, breached any duty to the beneficiaries, much less that their determination to pay Kelly's fees at his rate or based on the work done was unreasonable.

## Conclusion

¶ 16. WISCONSIN STAT. § 244.16(1) empowers a court to grant "appropriate relief" suitable to the action it authorizes: a petition for the circuit court to construe a POA or review the actions of an attorney-in-fact. The court here found the underlying action moot, but nonetheless determined it had the authority to circumscribe the fees paid to one of the attorneys in the action. Section 244.16(1) does not provide this authority. Accordingly, the circuit court's order is reversed.

*By the Court.*—Order reversed.