STATE of Wisconsin, Plaintiff-Respondent,

v.

Markus S. HOLCOMB,
Defendant-Appellant.†

Court of Appeals

*No. 2015AP996–CR. Submitted on briefs April 8,
2016.—Decided August 3, 2016.*

2016 WI App 70

647

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Christopher W. Rose* of *Rose & Rose* of Kenosha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Michael C. Sanders*, assistant attorney general, and *Brad D. Schimel*, attorney general.

Before Reilly, P.J., Gundrum and Hagedorn, JJ.

¶ 1. HAGEDORN, J. This case requires us to interpret WIS. STAT. § 939.617 (2013–14),[1] which prescribes minimum sentences for certain child sex offenses. Specifically, the main question before us is whether and when a circuit court may impose less than three years' initial confinement for possession of child pornography. We hold that § 939.617(2) authorizes a circuit court to depart from the minimum and impose either probation or initial confinement of less than three years only if the defendant is not more than forty-eight months older than the child-victim.

---

[1] All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

*Background*

¶ 2. In 2014, Markus Holcomb was charged with thirty counts of possession of child pornography contrary to Wɪs. Sᴛᴀᴛ. § 948.12. As the result of a plea agreement, Holcomb pled guilty to only five counts and the remaining twenty-five counts were dismissed and read-in at sentencing.

¶ 3. Holcomb argued at sentencing that the circuit court had discretion to decline to impose the three-year minimum generally applicable under Wɪs. Sᴛᴀᴛ. § 939.617. The circuit court, however, concluded that it was bound to follow the minimum sentence requirements because Holcomb did not meet the eligibility requirements for a lesser sentence under § 939.617(2). The court then sentenced Holcomb to six years' initial confinement and ten years' extended supervision on two counts with both sentences to be served consecutively. Despite its conclusion that the three-year minimum initial confinement applied, the court nonetheless withheld sentencing on the remaining three counts and imposed probation. Holcomb appeals from this judgment.

*Discussion*

█

¶ 4. This case concerns the proper interpretation of Wɪs. Sᴛᴀᴛ. § 939.617. The meaning of a statute is a question of law we review de novo. *Kelly v. Brown,* 2016 WI App 31, ¶ 8, 368 Wis. 2d 353, 879 N.W.2d 127.

¶ 5. Wɪsᴄᴏɴsɪɴ Sᴛᴀᴛ. § 939.617 provides minimum sentences for certain child sex offenses, including Holcomb's convictions under Wɪs. Sᴛᴀᴛ. § 948.12 for possession of child pornography. Section 939.617(1) provides

that for such crimes, "[t]he term of confinement in prison portion of the bifurcated sentence shall be at least . . . 3 years" unless specific exceptions are met. *Id.* Those exceptions are outlined in subsecs. (2) and (3). Subsection (3), which is not at issue here, indicates that the minimum "does not apply if the offender was under 18 years of age when the violation occurred." The dispute here centers on the proper interpretation of subsec. (2).

¶ 6. WISCONSIN STAT. § 939.617(2) provides in relevant part as follows:

> (2) If the court finds that the best interests of the community will be served and the public will not be harmed and if the court places its reasons on the record, the court may impose a sentence that is less than the sentence required under sub. (1) *or* may place the person on probation under any of the following circumstances:
>
> . . . .
>
> (b) If the person is convicted of a violation of [WIS. STAT. §] 948.12 [possessing child pornography], the person is no more than 48 months older than the child who engaged in the sexually explicit conduct.

Sec. 939.617(2) (emphasis added).[2]

¶ 7. The dispute in this case boils down to the import of the word "or" emphasized above. Holcomb reads the "or" as a big, bold neon sign such that the "circumstance" delineated in WIS. STAT. § 939.617(2)(b)

---

[2] WISCONSIN STAT. § 939.617(2)(a) only applies to persons convicted of violating WIS. STAT. § 948.05. It provides: "If the person is convicted of a violation of [§] 948.05, the person is no more than 48 months older than the child who is the victim of the violation." Sec. 939.617(2)(a). Though not directly at issue in this case, the same statutory logic applies.

only applies to the words following the "or." Said another way, Holcomb argues that while subsec. (2) read along with para. (2)(b)(2) authorizes *probation* only if the defendant is less than forty-eight months older than the child-victim, the statute still gives the circuit court broad discretion to impose a period of initial confinement less than three years in *any* case if it finds that a lesser sentence will serve the best interests of the community and the public will not be harmed.

■

¶ 8. The text of WIS. STAT. § 939.617(2) does not support Holcomb's reading. We conclude that the circuit court may only depart from the minimum—either by imposing probation or less than three years' initial confinement—if the defendant was less than forty-eight months older than the child-victim.

¶ 9. While sentence diagramming may be the bane of fifth graders everywhere, it is the trick of the trade in statutory construction. WISCONSIN STAT. § 939.617(2) is written as a single sentence separated by a comma into two clauses: an introductory clause and the main clause that it modifies. Here, the introductory clause is framed as a conditional statement: "If the court finds that the best interests of the community will be served and the public will not be harmed and if the court places its reasons on the record . . . ." *Id.* If these conditions are met, the main clause provides that "the court may impose a sentence that is less than the sentence required under sub. (1) or may place the person on probation under any of the following circumstances." Sec. 939.617(2). A colon follows the main clause and outlines two such "circumstances," including the provision limiting the applica-

bility in child pornography convictions to where the defendant is less than forty-eight months older than the child-victim.

¶ 10. The natural and normal reading is that the introductory "if" clause preceding the comma modifies the whole of the main clause, and the circumstances following the colon modify the entire section preceding the colon.

¶ 11. Statutory structure is important. *State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 110; *Panama Ref. Co. v. Ryan*, 293 U.S. 388, 439 (1935) (Cardozo, J., dissenting) ("[T]he meaning of a statute is to be looked for, not in any single section, but in all the parts together and in their relation to the end in view."); *see also* ANTONIN SCALIA & BRIAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 167 (2012) ("Context is a primary determinant of meaning."). WISCONSIN STAT. § 939.617(2) allows for departure from minimums in subsec. (1) "under any of the following circumstances." Sec. 939.617(2). The legislature then created paragraphs separately delineated (a) and (b). It set the paragraphs apart from subsec. (2) with a colon and indented them under the text of subsec. (2). This structure betrays an obvious inference that paras. (a) and (b) were meant to modify the whole of subsec. (2). Holcomb's contention that paras. (a) and (b) modify only the last dozen words of subsec. (2) makes little sense of this intentional structural choice by the legislature. The only reasonable construction is that paras. (a) and (b) are subparts of the whole of subsec. (2), not simply portions of it.

■

¶ 12. Punctuation too is important. *United States Nat'l Bank of Oregon v. Independent Ins. Agents*

*of Am., Inc.*, 508 U.S. 439, 454–55 (1993) (explaining that interpretation is a holistic endeavor, and "the meaning of a statute will typically heed the commands of its punctuation"). It can be the difference between "Let's eat, Grandma!" and "Let's eat Grandma!" In effect, Holcomb wishes to add a comma or period to separate the ideas before and after the "or." But no such punctuation is present. The main clause, modified by the introductory "if" clause, is a unified whole. The "or" is, of course, a disjunctive; but it simply separates the two alternatives for sentences less than the minimum—either less than three years' initial confinement or no initial confinement at all, i.e., probation. This interpretation alone makes sense of the whole provision.

¶ 13. In support of his position, Holcomb notes that unlike the self-described "mandatory minimum" sentences in surrounding statutes (WIS. STAT. §§ 939.616, 939.618, and 939.619), the statute here is entitled simply "minimum sentence." This shows, in Holcomb's view, that WIS. STAT. § 939.617 prescribes presumptive, rather than mandatory, minimum sentences.

¶ 14. While having superficial appeal, the difference is that WIS. STAT. § 939.617 is the only one of those four provisions that includes broad exceptions to the stated minimum. In other words, the other statutes are actually mandatory minimums, while § 939.617 provides mandatory minimums in some cases, and presumptive minimums in cases where exceptions apply. In addition, § 939.617 was in its initial form a

presumptive minimum statute in all cases.[3] It was revised in 2011 to the version we have today (with one nonsubstantive grammatical edit in 2013) to dramatically limit the circumstances under which less than the minimum is permissible. Finally, though statutory titles "may be resorted to in order to resolve a doubt as to statutory meaning, we will not resort to them in order to create a doubt where none would otherwise exist." *Brennan v. Employment Relations Comm'n*, 112 Wis. 2d 38, 41, 331 N.W.2d 667 (Ct. App. 1983); *see also*

---

[3] Wisconsin Stat. § 939.617 was created by 2005 Wisconsin Act 433 and originally provided as follows:

> **939.617 Minimum sentence for certain child sex offenses. (1)** Except as provided in subs. (2) and (3), if a person is convicted of a violation of . . . [Wis. Stat. §] 948.12, the court shall impose a bifurcated sentence under [Wis. Stat. §] 973.01. The term of confinement in prison portion of the bifurcated sentence shall be at least . . . 3 years for violations of [§] 948.12. Otherwise the penalties for the crime apply, subject to any applicable penalty enhancement.
>
> **(2)** If a person is convicted of a violation of . . . [§] 948.12, the court may impose a sentence that is less than the sentence required under sub. (1), or may place the person on probation, only if the court finds that the best interests of the community will be served and the public will not be harmed and if the court places its reasons on the record.
>
> **(3)** This section does not apply if the offender was under 18 years of age when the violation occurred.

2005 Wis. Act 433, § 15.

Thus, Wis. Stat. § 939.617(2) made very clear that this was no "mandatory" minimum at all when enacted. The court had authority to order less than three years' initial confinement or no initial confinement at all so long as it found "that the best interests of the community will be served and the public will not be harmed," and so documented in the record.

Wɪs. Sᴛᴀᴛ. § 990.001(6) (statutory titles are not part of the statutes themselves).

■

¶ 15. Wɪsᴄᴏɴsɪɴ Sᴛᴀᴛ. § 939.617 has a plain and unambiguous meaning.[4] When faced with a conviction for possessing child pornography, subsec. (1) requires the court to impose a bifurcated sentence with at least three years' initial confinement. Sec. 939.617(1). Subsection (2) allows the court to depart from this minimum and impose less initial confinement or probation only if the defendant is not more than forty-eight months older than the child-victim. Sec. 939.617(2)(b). Holcomb does not meet this age requirement; he is far older than his child-victims. Thus, Holcomb is subject to the three-year minimum for each conviction.

■

¶ 16. Despite not raising the issue before the circuit court or appealing the circuit court's decision, the State requests that we reverse the circuit court's decision to impose probation on counts five, seven, and eight because the sentences are illegal under Wɪs. Sᴛᴀᴛ. § 939.617. We decline the State's invitation to address this unpreserved issue. The State could have appealed. It did not, nor does it offer any reason for first raising the issue in its response brief before this court. While disregarding the waiver rule is within our discretion,

---

[4] Because we do not find the statute ambiguous, the rule of lenity is inapplicable. *State v. Luedtke*, 2015 WI 42, ¶ 73, 362 Wis. 2d 1, 863 N.W.2d 592.

Though the State makes a compelling, even conclusive, case that the legislative history supports the result we reach today, our plain meaning resolution of the case also means we do not resort to legislative history. *State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 110.

this is not the sort of exceptional case meriting judicial grace. *See Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶ 17, 273 Wis. 2d 76, 681 N.W.2d 190.

¶ 17. Finally, Holcomb's separate claim that he is entitled to resentencing because of allegedly inaccurate information in the PSI is without merit. He complains that the PSI erroneously stated he manufactured and distributed child pornography. He does not, however, dispute that he took photographs of children and made them available online. The court noted that, from a legal standpoint, Holcomb probably was not manufacturing child pornography and attributed the mischaracterization to the PSI author's ignorance of legal terminology. Although Holcomb's actions were almost "certainly not" illegal, the court did find the conduct "alarming" and concluded that it should be considered in sentencing. For a defendant to be entitled to resentencing, he or she "must show . . . that the court actually relied on the inaccurate information in the sentencing." *State v. Tiepelman*, 2006 WI 66, ¶ 26, 291 Wis. 2d 179, 717 N.W.2d 1 (citation omitted). The court did not appear to misunderstand anything about the pictures or otherwise rely on inaccurate information in the PSI.

*By the Court.*—Judgment affirmed.