# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:        2021AP2001-CR

†Petition for Review filed

Complete Title of Case:

### STATE OF WISCONSIN,

####    PLAINTIFF-RESPONDENT,

#### V.

### JOHN R. BROTT,

####    DEFENDANT-APPELLANT.†

| | |
|---|---|
| Opinion Filed: | August 30, 2023 |
| Submitted on Briefs: | December 15, 2022 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Neubauer, Grogan and Lazar, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jason D. Luczak* and *Jorge R. Fragoso* of *Gimbel, Reilly, Guerin & Brown, L.L.P.*, Milwaukee. |
| Respondent ATTORNEYS: | On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Sonya K. Bice*, assistant attorney general, and *Joshua L. Kaul*, attorney general. |

# COURT OF APPEALS
## DECISION
## DATED AND FILED

## August 30, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP2001-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2019CF973**

**IN COURT OF APPEALS**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

JOHN R. BROTT,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Waukesha County: JENNIFER DOROW, Judge. *Affirmed.*

Before Neubauer, Grogan and Lazar, JJ.

¶1    GROGAN, J.   John R. Brott appeals from a judgment entered after he pled guilty to possession of child pornography, contrary to WIS. STAT.

§ 948.12(1m) (2021-22).[1] He challenges the circuit court's decision denying his request to depart from the mandatory minimum sentence of three years in prison set forth in WIS. STAT. § 939.617(1). Brott contends that the circuit court is not bound by this statutory mandatory minimum sentence because it conflicts, he says, with what he believes is permissive sentencing language found in § 948.12(1m). He further contends that § 939.617's mandatory minimum has not been consistently applied throughout the state, thereby violating his constitutional right to equal protection.

¶2 We conclude there is no conflict between the statutes in question. Therefore, the circuit court correctly sentenced Brott in accordance with the mandatory minimum for his crime. We also conclude that Brott has failed to show an equal protection violation. Because the circuit court imposed a sentence consistent with the law, we affirm.

## I. BACKGROUND

¶3 In May 2019, a tip from the National Center for Missing and Exploited Children alerted authorities that child pornography was being uploaded to an IP address determined to be associated with Brott, who was sixty-three years old at the time. When police executed a search warrant for Brott's home, they discovered dozens of images on Brott's electronic devices depicting children between the ages of ten and fifteen years old engaged in or simulating sexual acts. In speaking with police, Brott "'was adamant that any images or

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

Internet search history regarding pornography [were] his'" and not his wife's or anyone else's.

¶4     The State charged Brott with ten counts of possession of child pornography. In exchange for Brott's guilty plea to one count, the State agreed to dismiss and read in the nine remaining counts. The circuit court accepted Brott's plea, but prior to sentencing, he moved the court to set aside WIS. STAT. § 939.617(1)'s mandatory minimum sentencing provision on the grounds that the child pornography possession statute, WIS. STAT. § 948.12(1m), says that violators "may be penalized" rather than "shall" be penalized, which he claimed created an ambiguity as to whether the circuit court retains sentencing discretion despite § 939.617's mandatory minimum sentencing requirement. Brott also argued that the rule of lenity should be employed to interpret the allegedly ambiguous sentencing provision in his favor and that inconsistent application of the sentencing provisions around the state have led to "a significant equal protection problem[.]"

¶5     The circuit court rejected Brott's arguments, determining that *State v. Holcomb*, 2016 WI App 70, 371 Wis. 2d 647, 886 N.W.2d 100, was "on point and controlling." That case, the circuit court said, requires imposition of the three-year mandatory minimum initial confinement sentence set forth in WIS. STAT. § 939.617 unless—and only unless—an age-related exception (for which Brott did not qualify) applied. The circuit court further characterized § 939.617 as "not an ambiguous statute" and therefore determined that the "rule of lenity does not apply." Finally, the circuit court rejected Brott's equal protection claim. In imposing sentence, the circuit court stated:

> [T]his is one of those situations where again, the legislature has curbed my discretion, has told me I must impose a bifurcated sentence with an initial term of confinement, the minimum of 3 years. But when I

factor in your willingness to do treatment, when I factor what your attorney has described, right? The totality of who you are, the holistic view of who you are, I do not believe there needs to be more than 3 years of initial confinement.

I think 3 is appropriate. It is the mandatory minimum.

¶6 Brott appeals, renewing his argument that there is an irreconcilable conflict between the relevant statutes and his assertion that an inconsistent application of WIS. STAT. § 939.617 throughout the state violates his right to equal protection under the law. He contends that the circuit court "likely would have imposed a lower sentence if not for its finding that the mandatory minimum … applied to this case[,]" and he seeks a remand for resentencing with instructions to disregard § 939.617(1).[2]

## II. STANDARD OF REVIEW

¶7 This case presents a question of statutory interpretation and the application of law to undisputed facts, which we review de novo. *State v. Lickes*, 2020 WI App 59, ¶16, 394 Wis. 2d 161, 949 N.W.2d 623. We interpret statutes using the well-established methodology articulated in *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, 271 Wis. 2d 633, 681 N.W.2d 110. "[S]tatutory language is interpreted in the context in which it is used; not in isolation

---

[2] Brott suggests that "rather than reading the tea leaves to divine the intent of the legislature," we should instead simply "set[] aside WIS. STAT. § 939.617 regarding convictions under WIS. STAT. § 948.[1]2" because "the doctrine of separation of powers demands a legislative solution rather than a judicial one." Brott's suggestion is a nonstarter because statutory interpretation is a task that appellate courts regularly undertake. Indeed, there would be no need for an extensive interpretive framework such as that set forth in the well-known—and oft cited and applied—*State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, 271 Wis. 2d 633, 681 N.W.2d 110, if statutory interpretation did not fall within the judiciary's ambit. We therefore decline Brott's invitation to refrain from interpreting § 939.617 and reject his request to instead simply disregard it.

but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46. Our purpose "is to determine what the statute means so that it may be given its full, proper, and intended effect." *Id.*, ¶44. We therefore "begin[] with the language of the statute[,]" and if the meaning of the text is plain, we go no further. *Id.*, ¶45 (quoted source omitted). However, statutory history—"the previously enacted and repealed provisions of a statute"—may be "part of a plain meaning analysis." *Richards v. Badger Mut. Ins. Co.*, 2008 WI 52, ¶22, 309 Wis. 2d 541, 749 N.W.2d 581.

¶8 Where it is necessary to address the interplay between multiple statutes, as it is in this case, we must remember that "[u]nder the ordinary rules of statutory interpretation[,] statutes should be reasonably construed to avoid conflict." *State v. Szulczewski*, 216 Wis. 2d 495, 503, 574 N.W.2d 660 (1998). "When two statutes conflict, a court is to harmonize them, scrutinizing both statutes and construing each in a manner that serves its purpose." *Id.* (citation omitted). Where two statutes relate to the same subject matter, the rule of statutory construction in Wisconsin "is that the specific statute controls over the general statute." *Gottsacker Real Est. Co. v. DOT*, 121 Wis. 2d 264, 269, 359 N.W.2d 164 (Ct. App. 1984).

¶9 With respect to Brott's equal protection argument, we review equal protection challenges de novo. *See State v. Clappes*, 136 Wis. 2d 222, 235, 401 N.W.2d 759 (1987). "When considering an equal protection challenge that does not involve a suspect classification[,] 'the fundamental determination to be made … is whether there is an arbitrary discrimination in the statute or its application, and thus whether there is a rational basis which justifies a difference in rights afforded.'" *State v. Ruesch*, 214 Wis. 2d 548, 564, 571 N.W.2d 898 (Ct. App. 1997) (omission in original; citation omitted). Brott's burden of establishing a constitutional

violation is a high one. *See **State v. Lindsey***, 203 Wis. 2d 423, 442-44, 554 N.W.2d 215 (Ct. App. 1996); ***Oyler v. Boles***, 368 U.S. 448, 456 (1962).

## III. DISCUSSION

¶10    This case involves two statutes related to possession of child pornography.  The first, WIS. STAT. § 948.12, defines the crime of possession of child pornography and identifies the degree of felony resulting from its violation:

> **(1m)** Whoever possesses, or accesses in any way with the intent to view, any … photograph … of a child engaged in sexually explicit conduct under all of the following circumstances may be penalized under sub. (3):
>
> (a) The person knows that he or she possesses or has accessed the material.
>
> (b) The person knows, or reasonably should know, that the material that is possessed or accessed contains depictions of sexually explicit conduct.
>
> (c) The person knows or reasonably should know that the child depicted in the material who is engaged in sexually explicit conduct has not attained the age of 18 years.
>
> ….
>
> **(3)** (a)  Except as provided in par. (b), a person who violates sub. (1m) or (2m) is guilty of a Class D felony.
>
> (b)  A person who violates sub. (1m) or (2m) is guilty of a Class I felony if the person is under 18 years of age when the offense occurs.

Sec. 948.12.   The second, WIS. STAT. § 939.617, mandates certain penalties for § 948.12 violations.  Section 939.617 states, as relevant:

> **(1)** Except as provided in subs. (2) and (3), if a person is convicted of a violation of s. … 948.12, the court shall impose a bifurcated sentence under s. 973.01.  The term of confinement in prison portion of the bifurcated sentence shall be at least … 3 years for violations of s. 948.12.

Sec. 939.617.[3]

¶11   Brott argues that WIS. STAT. §§ 948.12 and 939.617 are "irreconcilable" with one another because the "may be penalized" language used in § 948.12(1m) renders the "shall impose" language used in § 939.617(1) ambiguous and unenforceable.   Stated differently, the crux of Brott's argument is that an irreconcilable conflict arises because, he says, § 948.12(1m) provides circuit courts with the *option* of imposing a bifurcated sentence for convictions for possession of child pornography because that statute uses the word "may," whereas § 939.617 *requires* a circuit court to impose a bifurcated sentence because it uses the word "shall."   This, according to Brott, ultimately "renders [§ 939.617] ambiguous" because "it is capable of being understood by reasonably well-informed persons in two or more senses" in light of § 948.12.   The State disagrees.   It argues that Brott has been convicted of violating § 948.12 by possessing child pornography and that the plain meaning of § 939.617 required the circuit court to impose a bifurcated sentence with a three-year minimum term of initial confinement.   The State's interpretation is correct.

¶12   As with every statutory interpretation case, we begin with the statutory text.   *Kalal*, 271 Wis. 2d 633, ¶45.   Because this case requires that we determine whether two statutes are "irreconcilable" with each other, we must begin by first determining the plain meaning of each.   Only once we have determined what each statute means standing alone can we then determine whether, when read together, the statutes are irreconcilable or in any way ambiguous.

---

[3] WISCONSIN STAT. § 939.617 allows the circuit court limited discretion to impose a lesser sentence under the age-related circumstances not relevant here.

¶13    We begin with WIS. STAT. § 948.12, the possession statute.  As set forth above, § 948.12 identifies both the elements of possession of child pornography and the felony classifications that apply under certain conditions. More specifically, it states that anyone who violates § 948.12(1m) "may be penalized under sub. (3)[,]" which in turn identifies the age-related circumstances under which an offender is guilty of a Class D or Class I felony for possession of child pornography.  Brott asserts that use of the word "may" in § 948.12(1m) means that a circuit court "is given the discretion to impose a bifurcated sentence[.]"  Brott is wrong.

¶14    Although the word "may" typically "creates a presumption that the statute is permissive[,]" "[t]his general principle can be rebutted if construing 'may' as mandatory is necessary to reflect legislative intent."  *McGuire v. McGuire*, 2003 WI App 44, ¶26, 260 Wis. 2d 815, 660 N.W.2d 308; *see also* **Heritage Farms, Inc. v. Markel Ins. Co.**, 2012 WI 26, ¶32, 339 Wis. 2d 125, 810 N.W.2d 465.  Applying this general principle to WIS. STAT. § 948.12, it is clear that "may" is mandatory as used in the possession statute because construing it otherwise would lead to unreasonable results and defy the clear legislative intent.  This is so because § 948.12 is an elements and classification statute.  It defines the crime of possession of child pornography, sets forth the elements that comprise the crime, and identifies the applicable class of felony for violations.  The "may" language at issue relates specifically to the felony classification portion of § 948.12:  whoever violates the possession statute "may be penalized under sub. (3)[,]" which sets forth two distinct felony classifications—Class D (paragraph (3)(a)) or Class I "if the person is under 18 years of age when the offense occurs" (paragraph (3)(b)).  *Id.*  The word "may" therefore does not mean that the circuit court has the *option* of whether to sentence a violator under subsection (3) or whether to impose a bifurcated sentence, as Brott

suggests, but rather identifies which of the two felony classifications applies to the violation at hand: Class D or Class I. That classification, in turn, sets forth the penalties for each class of felony. *See* WIS. STAT. § 939.50(3).

¶15 To construe the word "may" as used in WIS. STAT. § 948.12 otherwise would defy logic and lead to an unreasonable result. For example, if the word "may" meant that a circuit court had discretion as to whether or not an offender would be penalized under § 948.12(3)'s felony classifications or whether an offender was subject to a bifurcated sentence, the court could simply determine that a convicted offender was guilty of a different felony classification with different maximum penalties or even that a convicted offender was not guilty of a felony at all. This would be unreasonable given that the legislature has specifically identified two— and only two—felony classifications that apply dependent upon the offender's age at the time of the offense. Sec. 948.12(3). Indeed, if a circuit court had the discretion Brott believes § 948.12 provides, it would have been unnecessary for the legislature to identify the felony classifications that apply for possession of child pornography at all.

¶16 The statutory history confirms that use of the word "may" relates to the applicable felony classification for WIS. STAT. § 948.12 violations rather than to the circuit court's discretion (or lack thereof). The § 948.12 language at issue here—the word "may" and the corresponding felony classifications that follow— has been in effect since June 2006 when the legislature added subsection (3) and revised subsection (1m). 2005 Wis. Act 433, §§ 23-25 ("Act 433"). Prior to these revisions, subsection (1m) stated that a person possessing child pornography "is guilty of a Class I felony[.]" 2005 Wis. Act 433, § 23; § 948.12(1m) (2003-04). Thus, Act 433 removed "is guilty of a Class I felony" and replaced it with "may be penalized under sub. (3)[,]" which identifies the circumstances under which a

9

violation is a Class D felony or a Class I felony.  2005 Wis. Act 433, §§ 23, 25.  This amendment, which changed possession of child pornography as defined in § 948.12 from a Class I felony *for everyone* to a Class D felony *for everyone over eighteen years old*, clearly shows the textual change was to increase the criminal penalty for some (but not all) individuals—*not* to provide a circuit court with newly unbridled sentencing discretion.

¶17     Simply put, when the legislature eliminated the single classification for WIS. STAT. § 948.12 violations that previously existed in favor of the double classification—one for adults (Class D) and one for child offenders (Class I)—it needed to amend the "is guilty of a Class I felony" language that previously existed. *See* § 948.12(1m) (2003-04).  It did so by adding the "may be penalized" language currently found in § 948.12(1m), which alerts the public that the felony classification for possession of child pornography subsequent to Act 433's enactment will depend upon the offender's age.  The "may be penalized" language is therefore unambiguous as it simply addresses the new double classification, and it does *not* provide a circuit court with the discretion Brott suggests.

¶18     Having determined the plain meaning of WIS. STAT. § 948.12(1m), we next turn our attention to WIS. STAT. § 939.617, which is neither an elements nor a classification statute but rather a mandatory minimum statute.  On its face, § 939.617 unambiguously requires imposition of a mandatory minimum:  a circuit court "shall impose a bifurcated sentence under s. 973.01" for violations of § 948.12 unless specific exceptions related to the offender's age apply.  Sec. 939.617; *see* **Holcomb**, 371 Wis. 2d 647, ¶15 ("WISCONSIN STAT. § 939.617 has a plain and unambiguous meaning.").

¶19    When construing statutes, we generally "presume that the word 'shall' is mandatory[,]" ***Heritage Farms, Inc.***, 339 Wis. 2d 125, ¶32, and here, the word "shall" can mean only one thing:  that "the circuit court is *required to* … impose a bifurcated sentence" for violations of WIS. STAT. § 948.12 unless one of WIS. STAT. § 939.617's age-related exceptions applies.  *See, e.g.*, ***State v. Shirikian***, 2023 WI App 13, ¶25, 406 Wis. 2d 633, 987 N.W.2d 819.  This is the only reasonable interpretation because if "shall" did *not* require a circuit court to impose a bifurcated sentence—which is a sentence consisting of an initial term of confinement of at least one year in prison followed by a term of extended supervision as set forth in WIS. STAT. § 973.01—for such violations, there would be no need for the statute to also identify the limited age-related exceptions to the mandatory minimum bifurcated sentence requirement.

¶20    As with WIS. STAT. § 948.12, the relevant statutory history again confirms this understanding of WIS. STAT. § 939.617.  The legislature created § 939.617 in June 2006 at the same time it amended § 948.12(1m) to include § 948.12(1m)'s "may be penalized" language and the two (as opposed to the prior one) felony classifications.  2005 Wis. Act 433, §§ 15, 23, 25.  At the time of its creation, § 939.617 imposed a presumptive minimum sentence.  2005 Wis. Act 433, § 15.  It stated:  "Except as provided in subs. (2) and (3), if a person is convicted of a violation of … [§] 948.12, the court shall impose a bifurcated sentence under s. 973.01[, and] [t]he term of confinement in prison portion of the bifurcated sentence shall be at least … 3 years for violations of s. 948.12."  2005 Wis. Act 433, § 15.  The referenced exceptions provided that "the court may impose a sentence that is less than the sentence required under sub. (1), or may place the person on probation, only if the court finds that the best interests of the community will be served and the public will not be harmed and if the court places its reasons on the

11

record" and that the statute did not apply at all if the offender was less than eighteen years old at the time of the offense. 2005 Wis. Act 433, § 15. Accordingly, when it enacted Act 433, the legislature granted circuit courts sentencing discretion under the presumptive minimum statute.

¶21    Given that the legislature added WIS. STAT. § 948.12(1m)'s "may be penalized" language at the same time it created WIS. STAT. § 939.617's previous presumptive minimum, it would have been unnecessary for the legislature to provide circuit courts with sentencing discretion under § 939.617 if § 948.12's "may be penalized" language already did so. This statutory history confirms that use of the word "may" in § 948.12 has nothing to do with circuit courts' discretion at all. Moreover, when the legislature later removed the circuit courts' sentencing discretion when it amended § 939.617 in April 2012 and made the three-year minimum mandatory in all but very specific age-related circumstances instead, *see* 2011 Wis. Act 272, §§ 1m and 1p, it was already aware of § 948.12(1m)'s "may be penalized" language. *See* ***State v. Trongeau***, 135 Wis. 2d 188, 192, 400 N.W.2d 12 (Ct. App. 1986) ("When the legislature enacts a statute, it is presumed to act with full knowledge of the existing laws, including statutes."). Thus, § 948.12(1m)'s "may be penalized" language—particularly when viewed in light of 2005 Wis. Act 433—cannot be interpreted as providing circuit courts with sentencing discretion for § 948.12 violations in the first place.

¶22    Having construed the two statutes at issue, we conclude neither is ambiguous nor irreconcilable, and we reject Brott's attempt to merge the two statutes to create ambiguity. Brott's interpretation would require sentencing courts to blatantly disregard the legislature's direct instruction to impose a mandatory minimum sentence in all but limited age-related circumstances—an unreasonable result. *See* ***Kalal***, 271 Wis. 2d 633, ¶46 (we interpret statutes "reasonably, to avoid

12

absurd or unreasonable results"). Our plain meaning interpretation results in both statutes working harmoniously together in setting the parameters for the punishment for the crime of possession of child pornography: one (WIS. STAT. § 948.12) sets forth the maximum allowable sentence based on the applicable felony classification, and the other (WIS. STAT. § 939.617) sets forth the minimum allowable sentence for possession of child pornography.[4] Because it is possible to comply with both statutes, §§ 948.12 and 939.617 are not in conflict. *See, e.g.*, ***State v. Grandberry***, 2018 WI 29, ¶21, 380 Wis. 2d 541, 910 N.W.2d 214 ("In order for two statutes to be in conflict, it must be impossible to comply with both."). Brott's assertion that § 948.12 renders § 939.617 ambiguous therefore lacks merit.

¶23 As a final note, the cases Brott relies on do not compel a different result. Although Brott is correct that ***Holcomb*** does not address the precise argument he makes here, our statutory analysis of WIS. STAT. § 939.617 in ***Holcomb*** is entirely consistent with our rejection of Brott's proposed interpretation. In that case, Holcomb argued that we should interpret § 939.617 as allowing a circuit court to depart from the mandatory minimum sentence in any case in which the court found it in the "best interests of the community" because, he asserted, the age-related exceptions in subsections (2) and (3) related only to placing a person on probation. *See **Holcomb***, 371 Wis. 2d 647, ¶¶6-7. This court determined that the statutory text and structure did not support Holcomb's interpretation. *Id.*, ¶15. As we stated, § 939.617 "has a plain and unambiguous meaning[,]" which is that the

---

[4] To the extent WIS. STAT. § 948.12 itself does not directly state that a circuit court must impose a bifurcated sentence, there still remains no conflict between § 948.12 and WIS. STAT. § 939.617 because WIS. STAT. § 973.01 requires imposition of a bifurcated sentence for felony convictions.

circuit court has discretion to depart from the statutory mandatory minimum sentence for WIS. STAT. § 948.12 violations *only* when the defendant meets the age-related criteria of subsections (2) and (3).[5] *Holcomb*, 371 Wis. 2d 647, ¶15. Consequently, if those exceptions do not apply, the circuit court does not have discretion as to the mandatory minimum, which is the same conclusion we reach here.

¶24    *State v. Lalicata*, 2012 WI App 138, 345 Wis. 2d 342, 824 N.W.2d 921, and *State v. Williams*, 2014 WI 64, 355 Wis. 2d 581, 852 N.W.2d 467, do not disturb the harmony between WIS. STAT. §§ 939.617 and 948.12.  In *Lalicata*, this court held that probation was not available as a penalty for a crime (in Lalicata's case, first-degree sexual assault of a child) that carried a statutory minimum sentence of imprisonment.  *Lalicata*, 345 Wis. 2d 342, ¶¶14-15.  *Lalicata* thus instructs that when a specific statute requires a circuit court to impose a bifurcated sentence including a mandatory minimum term of confinement, the court cannot stay the sentence and place a person convicted of that crime on probation.  *Id.*; *see also Shirikian*, 406 Wis. 2d 633, ¶¶1-2.

¶25    As for *Williams*, Brott emphasizes the fact that in that case, our supreme court found statutory language stating that "[t]he confinement portion of a bifurcated sentence imposed on the person [convicted of a seventh OWI offense] *shall* be not less than 3 years" was ambiguous as to whether it required the circuit court to impose a bifurcated sentence or instead required it to impose a minimum only if it imposed a bifurcated sentence in the first instance.  *Williams*, 355 Wis. 2d 581,    ¶21    (emphasis    added;    quoting    WIS.    STAT.    § 346.65(2)(am)6

---

[5] We reaffirm our determination in *Holcomb* that the lack of ambiguity in WIS. STAT. § 939.617 means the rule of lenity does not apply. *State v. Holcomb*, 2016 WI App 70, ¶15 n.4, 371 Wis. 2d 647, 886 N.W.2d 100.

(2009-10)). Despite the ambiguity, however, the ***Williams*** court concluded that the statute at issue required imposition of a bifurcated sentence. ***Williams***, 355 Wis. 2d 581, ¶47. In reaching that conclusion, it provided an example of how "a statute that clearly imposed a mandatory minimum sentence might" be drafted: "The court *shall* impose a bifurcated sentence under s. 973.01, and the term of initial confinement shall be not less than three years." ***Williams***, 355 Wis. 2d 581, ¶21. WISCONSIN STAT. § 939.617 follows precisely that structure: "[T]he court shall impose a bifurcated sentence under s. 973.01" and "[t]he term of confinement in prison portion of the bifurcated sentence shall be at least … 3 years[.]" Sec. 939.617(1).

¶26 In summary, interpreting the statutes as Brott urges would require us to depart from the plain meaning of the text—whether read independently or together. It would also frustrate WIS. STAT. § 939.617's purpose by undermining the legislature's goal of ensuring that those convicted of possessing child pornography in violation of WIS. STAT. § 948.12 serve at least three years in prison—which is something we will not do. *See **State v. Dinkins***, 2012 WI 24, ¶29, 339 Wis. 2d 78, 810 N.W.2d 787 ("An interpretation that contravenes the manifest purpose of the statute is unreasonable."). Accordingly, we conclude that the circuit court did not err in imposing § 939.617's three-year mandatory minimum following Brott's guilty plea to one count of possession of child pornography contrary to § 948.12(1m). The circuit court properly interpreted the statutes and imposed the correct sentence.

¶27 This brings us to Brott's equal protection argument. "Both the Fourteenth Amendment to the United States Constitution[6] and article I, section 1 of the Wisconsin Constitution[7] guarantee equal protection of the laws and afford substantially the same protections." *State ex rel. Harr v. Berge*, 2004 WI App 105, ¶5, 273 Wis. 2d 481, 681 N.W.2d 282. Although "[e]qual protection guarantees that similarly-situated persons are treated similarly[,]" it "does not require that all persons be dealt with identically, but [rather] … that a distinction made have some relevance to the purpose for which the classification is made." *Id.* (quoted source omitted). "[W]here a statutory classification does not involve a suspect class or a fundamental interest, the classification will be upheld if there is any rational basis to support it." *Id.*

¶28 Brott's equal protection argument amounts to an as-applied challenge asserting that WIS. STAT. § 939.617 violates his equal protection rights because some circuit courts throughout the state have purportedly failed to impose § 939.617's mandatory minimum in imposing sentence, whereas the circuit court in his case did apply the mandatory minimum. Even accepting Brott's assertion that some circuit courts have failed to apply § 939.617's mandatory minimum such that offenders in some counties have not been subjected to the mandatory minimum sentence while offenders in other counties have been, that some courts have failed to impose a lawfully required sentence in accordance with § 939.617's mandatory minimum does not give rise to an equal protection claim when a court—such as the one here—*does* impose a sentence that is in accordance with the law.

---

[6] U.S. CONST. amend. XIV.

[7] WIS. CONST. art. I, § 1.

¶29 Moreover, the United States Supreme Court rejected a similar argument in *Oyler*, in which the Court concluded that selective enforcement of a law was "not in itself a federal constitutional violation" and noted that "[e]ven though the statistics … might imply a policy of selective enforcement, it was not stated that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Oyler*, 368 U.S. at 456. Here, any failure to impose WIS. STAT. § 939.617's mandatory minimum cannot be said to be knowing and deliberate or even based upon an arbitrary classification but rather is, at most, likely the result of an individual circuit court's misinterpretation of what § 939.617 requires. Brott has failed to establish the requisites for an equal protection violation.

## IV. CONCLUSION

¶30 The circuit court properly applied the law in sentencing Brott to three years of confinement followed by two years of extended supervision because, in doing so, it correctly interpreted and gave effect to both WIS. STAT. § 948.12, which makes possession of child pornography a felony and identifies the corresponding category of felony, and WIS. STAT. § 939.617, which dictates the mandatory minimum sentence for that crime. There is no conflict between these statutes, and there is likewise no ambiguity that renders these statutes irreconcilable. The circuit court therefore properly rejected Brott's request that it disregard § 939.617's plain dictate requiring a mandatory minimum. We also conclude that Brott has failed to establish an equal protection violation; his assertion that a different circuit court failed to impose the lawfully required sentence is insufficient. We therefore affirm the judgment of the circuit court.

*By the Court.*—Judgment affirmed.

17